UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| VICTORIA MAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-394 CAN |
| | ) | |
| JEFFREY ECK, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

On August 29, 2006, this Court held a final pretrial conference. Chet Zawalich appeared on behalf of the Plaintiff and Edward L. Murphy Jr. appeared on behalf of the Defendant. The Court addressed the following matters and now rules as follows.

**I.    DEFENDANT'S MOTIONS IN LIMINE**

On August 8, 2006, Defendant filed fourteen separate motions in limine. Plaintiff did not provide a response. Plaintiff's counsel represented to this Court at the August 29, 2006, conference that he had no objections to Defendant's motions. Consequently, Defendant's motions in limine [Doc. No. 22] are **GRANTED**.

**II.   PLAINTIFF'S MOTIONS IN LIMINE**

On August 22, 2006, Plaintiff filed three motions in limine. On August 28, 2006, Defendant filed his response. For the following reasons, Plaintiff's motions in limine [Doc. No. 31] are **GRANTED IN PART** and **RESERVED IN PART**.

Defendant did not object to Plaintiff's first two motions in limine in his response. Consequently, Plaintiff's first two motions in limine are **GRANTED**. However, Defendant did object to Plaintiff's third motion in limine.

Plaintiff's third motion in limine requests that all evidence that refers to Plaintiff's lifestyle, such as failing to lose weight and smoking, should be excluded if offered for the purpose of proving contributory negligence. Defendant objects and wishes for any evidence after Plaintiff received medical treatment to be admissible for contributory negligence.

In Indiana, the defense of contributory negligence remains available to defendants in cases of medical malpractice because the Comparative Fault Act does not apply to medical malpractice causes of action. Cavens v. Zaberdac, 849 N.E.2d 526, 529 (Ind. 2006). However, there is a long standing common law principle that a tortfeasor takes his victim as he finds him. Id. at 530. Consequently, healthcare providers may not introduce their patients' pre-treatment negligence to prove contributory negligence. Id. On the other hand, failure to heed the healthcare provider's advice after seeking treatment with that provider may be introduced to prove contributory negligence. Smith v. Hull, 659 N.E.2d 185, 191-92 (Ind. Ct. App. 1995). But see Sawlani v. Mills, 830 N.E.2d 932, 943 (Ind. Ct. App. 2005) (where post treatment negligence wholly subsequent to defendant's negligent act warranted mitigating damage instruction rather than contributory negligence instruction). Also, even though pre-treatment evidence is inadmissable for purposes of proving contributory negligence, such evidence may be admissible for purposes of proving causation. Fall v. White, 449 N.E.2d 628, 631-32 (Ind. App. 4th Dist. 1983).

Therefore, the evidence that Plaintiff seeks to exclude may or may not be allowed based on the context for which it is being offered. Consequently, this Court **RESERVES** its ruling on what evidence of Plaintiff's lifestyle is admissible till trial so that it may evaluate the context for which the evidence is being offered.

### III.   DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

On August 17, 2006, Defendant objected to several of Plaintiff's proposed jury instructions.  This Court will evaluate both Plaintiff's and Defendant's proposed jury instructions when it forms the final pre-trial jury instructions.  Defendant's objections will also be considered by this Court at that time.

**SO ORDERED.**

Dated this 31st Day of August, 2006.

s/ Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
